# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH MORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, MICHAEL T. TOBIN, #20235, MICHAEL OGLIORE, #1267, and LOUIS J. VITTORI, #21318,<br><br>    Defendants. | No. 09 C 4247<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Morris, pro se, has brought this action under 42 U.S.C. § 1983 against the City of Chicago and Officers Michael T. Tobin, Michael Ogliore and Louis J. Vittori for false arrest and malicious prosecution. Currently before the Court is Defendants' motion for summary judgment. For the following reasons, that motion is granted.

## BACKGROUND

Underlying this action for false arrest and malicious prosecution are two burglaries that occurred respectively on July 3 and July 8, 2007. The victim of the first burglary was Adam Maggied; the victim of the second was Vincent Rivera. On July 8, Mr. Maggied selected the Plaintiff, Kenneth Morris, out of a photo lineup comprised of several known burglars as the individual that committed the burglary of his home. Several days later, Mr. Rivera also selected Plaintiff from a similar photo lineup as one of the individuals who committed the burglary of his home.

On the basis of these identifications, Plaintiff was arrested on July 15, 2007. While Plaintiff was detained, Mssrs. Maggied and Rivera each paid visits to the police station and

identified Plaintiff as the offender involved in the respective burglaries in a live lineup. Mssrs. Maggied and Rivera also both testified, consistent with these identifications, at the criminal trial brought against Plaintiff.

Plaintiff was acquitted of the burglary charge in connection with Mr. Maggied's residence. The prosecutor later dismissed the burglary charge in connection with Mr. Rivera's residence with an unexplained *nolle prosequi* motion. The acquittal appears to have been largely due to an irregularity that occurred in connection with Mr. Maggied's identification of Plaintiff in the lineup. This irregularity also appears to have been the principal impetus behind this action.

Prior to identifying Plaintiff in the lineup, Mr. Maggied signed an Advisory Form stating that he understood that the suspect may not be in the lineup, and that he was not required to identify anyone. After Mr. Maggied identified Plaintiff in the lineup and left the station, Officer Tobin, as Defense Counsel describes it, "signed a second Lineup Advisory Form for his personal file, which he mistakenly placed in the court file instead of the original."

Counsel's description does not quite capture what actually happened. To clarify, Officer Tobin did not sign his own name on the second Lineup Advisory Form. He signed Mr. Maggied's name. And to further clarify, Officer Tobin did not print Mr. Maggied's name on the second form, he wrote it as one would a signature. At the criminal trial, Officer Tobin testified that the second form was for his personal case file, and that he signed Mr. Maggied's name "just to refresh [his] memory that [Mr. Maggied] had already done that."

## DISCUSSION

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.,* 259 F.3d 619, 625 (7th Cir. 2001).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.,* 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.,* 282 F.3d 467, 471 (7th Cir. 2002). I will accept the non-moving party's version of any disputed fact, however, only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996).

The presence of probable cause is an absolute bar to a § 1983 claim for false arrest. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Similarly, in order to prevail on a claim for malicious prosecution, the plaintiff must show "the absence of probable cause for such proceeding." *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir. 2001).

"Police officers have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed' an offense." *Mustafa*, 442 F.3d at 547. Probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000).

An identification made by a single eyewitness is generally sufficient to establish probable cause. *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439-40 (7th Cir. 1986). An eyewitness's credibility is generally a question for a jury at trial, and not for police officers in the discharge of their duties. *Spiegel v. Cortese*, 196 F.3d 717, 725 (7th Cir. 1999).

Mssrs. Maggied and Rivera both encountered the burglar, catching him in the act. Within days of the offense, they each twice identified Plaintiff as the offender, selecting him out of a photo array and a lineup. There is no evidence to suggest that a reasonable officer should have discredited their respective identifications. This is sufficient to establish probable cause for both Plaintiff's arrest and Plaintiff's prosecution. Plaintiff's claim for false arrest is thus barred as a matter of law, and Plaintiff's claim for malicious prosecution must fail.

Plaintiff's frustration with the irregularity in connection with Mr. Maggied's Advisory Form is justified. The Court was thus inclined to give Plaintiff, who appears in this matter pro se,[1] every opportunity to plead his case.[2] A line must be drawn somewhere, however, and I draw it here. Along with this order granting Defendants' motion for summary judgment,

---

[1] Plaintiff began this action with counsel, but his attorney was granted leave to withdraw on December 1, 2011, pursuant to Rule 1.16 of the ABA Model Rules.
[2] The Court, for example, went to some lengths to locate and obtain a copy of the advisory form signed by Officer Tobin in Mr. Maggied's name so that Plaintiff would have an opportunity to inspect it.

therefore, I deny as moot Plaintiff's motion for leave to file a fee agreement in connection with a hand writing expert.

Plaintiff must understand that the standard to satisfy a probable cause requirement is quite low relative to that for a criminal conviction. The irregularity in connection with Mr. Maggied's Advisory Form is unsettling, and appears to have been instrumental in thwarting the government's pursuit of a conviction against Plaintiff for the underlying burglaries. But it poses no serious challenge to a finding that probable cause existed for Plaintiff's arrest and prosecution. Plaintiff's briefs are largely unresponsive to this point.

One can understand how a plaintiff in Mr. Morris's position might feel that, having demonstrated a clear misstep on the part of the government or one of its employees, the suit should be over and the plaintiff should prevail. The irregularity in connection with Mr. Maggied's Advisory Form is clearly regrettable and at least somewhat troubling. It is not clear why Officer Tobin did not simply photocopy the original form with the valid signature for his file. He might also have printed Mr. Maggied's name rather than write it in such a way as to appear to be a signature. Or he might have written "Adam Maggied by Officer Michael Tobin." Each of these is a means to accomplish Officer Tobin's end that is far less susceptible of the appearance of a more serious impropriety.

But the operative question here remains whether probable cause existed for Plaintiff's arrest and prosecution. The irregularity to which Plaintiff points, while troubling, does not persuade me that it did not.

## CONCLUSION

For the foregoing reasons, Defendants' motion for Summary Judgment is granted.

5

ENTER:

James B. Zagel
United States District Judge

DATE: April 10, 2013